UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL ROMAIN | CIVIL ACTION |
| VERSUS | NO. 23-6168 |
| OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA | SECTION: D (5) |

### ORDER and REASONS

On October 13, 2023, Occidental Fire and Casualty Company of North Carolina ("Defendant") filed a Notice of Removal, asserting that the Court has subject matter jurisdiction over Plaintiff's Hurricane Ida claims based upon 28 U.S.C. § 1332, diversity jurisdiction.[1]  The Notice of Removal, however, failed to properly allege the citizenship of the parties and contained insufficient information regarding the amount in controversy.  Defendant also failed to file a disclosure statement, as required by Fed. R. Civ. P. 7.1.  As such, the Court issued an Order on October 17, 2023, giving Defendant ten days, or until October 27, 2023 to file a Rule 7.1 disclosure statement and to file a comprehensive amended notice of removal, without further leave of Court, properly setting forth the citizenship particulars of all of the parties and alleging sufficient facts to show the amount in controversy was satisfied at the time of removal, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).[2]

On November 3, 2023, Plaintiff filed a Notice of Stipulation by Plaintiff Re: Amount in Controversy, advising the Court that Plaintiff has filed a Stipulation into

---

[1] R. Doc. 1 at ¶ 3.
[2] R. Doc. 5.

the underlying state court proceeding stipulating that he is not seeking $75,000 or more in that proceeding and that, as such, this Court does not have diversity jurisdiction over this matter.[3]

## I.     LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[4]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[5]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[6]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[7]  The removing party has the burden of proving federal diversity jurisdiction.[8]  If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[9]  Remand is proper if at any time the court lacks subject matter jurisdiction.[10]

---

[3] R. Doc. 6.
[4] 28 U.S.C. § 1441(a).
[5] 28 U.S.C. § 1332(a)-(a)(1).
[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[7] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[8] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[10] *See,* 28 U.S.C. § 1447(c).

It is well settled in the Fifth Circuit that, "a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."[11] The Fifth Circuit has clarified, however, that courts can consider information submitted after removal "only in connection with an examination of the jurisdictional facts as they existed at the time of removal."[12] Under the foregoing authority, this Court can consider Plaintiff's Notice of Stipulation in connection with its examination of the jurisdictional facts as they existed at the time of removal. Having reviewed the Notice of Removal and Plaintiff's Stipulation stating that he "is not seeking in the above captioned cause of action and will not accept or attempt to collect $75,000 or more,"[13] the Court finds that it did not have diversity jurisdiction under 28 U.S.C. § 1332 at the time of removal. Accordingly, this matter must be remanded for lack of jurisdiction.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, November 14, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[11] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (quoting *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994)) (internal quotation marks omitted) (emphasis in original).
[12] *Cavallini*, 44 F.3d at 265 (citing *Dow*, 988 F.2d at 565).
[13] R. Doc. 6-1.